# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STANLEY JONES,**

      Plaintiff,

      -vs-                                            **Case No. 14-C-477**

**CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**

      Defendant.

## DECISION AND ORDER

Stanley Jones appeals the denial of his application for social security disability benefits. The Administrative Law Judge found that Jones' severe impairments were HIV positive status; back disorder; depression; anxiety; personality disorder; and post-traumatic stress disorder. The ALJ further found that none of those impairments, either singly or in combination, equals the severity of a listed impairment. Finally, the ALJ found that Jones was not disabled because he has the residual functional capacity to perform light work limited to simple, one- to three-step instructions in a work environment that involves no more than occasional work place changes or occasional interaction with the public, coworkers, and/or supervisors.

The Court must uphold the Commissioner's decision so long as it is

supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court reviews the record as a whole but does not substitute its judgment for that of the ALJ by reweighing evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses. *Cannon v. Apfel*, 213 F.3d 970, 974 (7th Cir. 2000). Remand may be required, however, if the ALJ "committed an error of law," or if the ALJ "based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). The ALJ also has a "basic obligation to develop a full and fair record," and must "build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Id.*

Jones argues that the ALJ erred in his evaluation of the opinion evidence at hand, including that of Dr. Ilva Van Valkenburgh, Jones' psychiatrist. Van Valkenburgh indicated that Jones had marked limitations in his activities of daily living and social functioning, and would need unscheduled breaks and four or more absences per month because of his symptoms. A treating provider's medical opinion is entitled to controlling weight if it is well supported by objective medical evidence and

consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2). Such an opinion should not be adopted slavishly, but the ALJ is required to provide a sound explanation for rejecting it. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013).

First, the ALJ noted that Dr. Van Valkenburgh had "observed and examined the claimant for less than one year prior to rendering the opinion suggesting it was not based on a long treatment history." R. 23. There is no "length of time" requirement to come within the auspices of the treating physician rule. 20 C.F.R. § 404.1502 (defining treating source as someone who "has, or has had, an ongoing treatment relationship with you"). Then, the ALJ found that Van Valkenburgh's opinion is "inconsistent with the claimant living in an apartment, managing his personal care, preparing bowls of cereal, cleaning and washing laundry, using public transportation, shopping, paying bills, counting change, handling a saving account, using a checkbook/money order, reading, watching television, exercising, going for walks, having a girlfriend and friends, or contacting his nephew." R. 23. The Court fails to understand how these fairly standard activities of daily life undermine Van Valkenburgh's opinion that Jones *required* unscheduled breaks and four or more absences per month. *See, e.g., Hughes v. Astrue*, 705 F.3d 276, 278 (7th Cir. 2013) ("We have remarked the

- 3 -

naivete of the Social Security Administration's administrative law judges in equating household chores to employment"). Moreover, the ALJ failed to acknowledge that Jones spent the majority of the time at issue living in a shelter; he moved into his own apartment just two months before the hearing, and was hesitant to do so.

Next, the ALJ found that Dr. Van Valkenburgh's opinion "is not congruent with the claimant being able to work at the substantial gainful activity level for a number of years despite his mental health symptoms." R. 23. Jones' ability to work prior to the onset date is simply not relevant to his condition during the alleged period of disability. The ALJ reasoned further that Van Valkenburgh "appears to rely on the claimant's subjective complaints, as the doctor indicated not having enough information to give the claimant's specific mental ability and aptitude, …" *Id.* Mental health professionals, of necessity, rely upon subjective complaints in forming their opinions. *See, e.g., Korzeniewski v. Colvin*, No. 12 C 6895, 2014 WL 1457854, at *7 (N.D. Ill. Apr. 14, 2014). Moreover, when a claimant's symptoms are documented in a clinical setting, they become signs of a medically determinable physical or mental impairment. SSR 96-4p, n. 2. Finally, the ALJ characterized the alleged need for unscheduled breaks as "mere speculation" and "not consistent with the objective findings in the

record." R. 23. What objective findings, the ALJ does not say.

Altogether, the ALJ's errant analysis of Dr. Van Valkenburgh's opinion infected his analysis at steps three, four, and five of the sequential evaluation process. The foregoing also demonstrates that the ALJ's credibility finding is not supported by substantial evidence. Again, Jones' ability to function as a normal human being does not translate into the ability to perform full-time work, and the evidence suggests that the ALJ vastly overstated Jones' capabilities. For example, Jones reported making only cereal and sandwiches, not cooking; that he only cleans or does laundry a few times a year; that he does not like being around people and that he spends most of his time alone watching television; and that he has difficulty shopping and using public transportation. These are not the characteristics of a person who can get and keep a job.

The Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 16th day of December, 2014.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
